UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TABATHA FOSTER,

                                 Plaintiff,

v.

NEAL EVAN PRICE and LARNELL PALMER,

                                 Defendants.

**MEMORANDUM AND ORDER**

22-CV-2031 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

Tabatha Foster ("Plaintiff"), proceeding pro se, brings the instant action against Neal Evan Price and Larnell Palmer ("Defendants") pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*. Defendant Palmer, proceeding pro se, moves pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

## BACKGROUND[1]

Plaintiff is a resident of Brooklyn, New York, and alleges that Palmer resides in Atlanta, Georgia.[2] (Compl. ¶¶ 4, 6, ECF No. 1.) Plaintiff also alleges that she is the "Registered Copyright Holder" of various photographic images of herself, which Defendants each uploaded to their respective YouTube channels without permission. (*Id*. ¶ 7.)

---

[1] The following facts are taken from the complaint (ECF No. 1) and Plaintiff's affirmation in opposition to Palmer's motion to dismiss (ECF No. 10). Where a "pro se plaintiff has submitted other papers to the Court, such as legal memoranda, the Court may consider statements in such papers to supplement or clarify the plaintiff's pleaded allegations." *Sommersett v. City of New York*, 09-CV-5916, 2011 WL 2565301, at *3 (S.D.N.Y. June 28, 2011); *see also Graves v. MidHudson*, 04-CV-3957, 2005 WL 1377948, at *1 (E.D.N.Y. June 9, 2005) (holding that where a party is proceeding pro se, a court "should consider allegations contained in the other court filings of a pro se plaintiff") (citations omitted). Therefore, while Plaintiff's affirmation in opposition is outside the four corners of the complaint, this Court will consider these submissions to clarify Plaintiff's allegations.

[2] Defendant Palmer, in his motion to dismiss ("Def.'s Mot."), represents that he is in fact a resident of Illinois. (Def.'s Mot. at 2, ECF No. 17.) In any event, there is no dispute that Defendant is a non-domiciliary of New York.

According to the complaint, Palmer uploaded a video containing copyrighted photos of Plaintiff as a thumbnail image on March 21, 2022.  (*Id*. ¶ 24.)  After Plaintiff complained to Palmer about the use of her photograph, Palmer modified the uploaded image by "plac[ing] an embarrassing meme on [Plaintiff's] face titled 'ME TOO' while leaving Plaintiff's breast exposed."  (*Id*.)  Plaintiff alleges that Palmer financially benefitted from the use of her copyrighted materials.  (*Id*.)

## STANDARD OF REVIEW

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant.  *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 206 (2d Cir. 2003).  The plaintiff "need only make a *prima facie* showing of personal jurisdiction over the defendant," and the Court will "construe the pleadings and affidavits in the light most favorable to plaintiff[], resolving all doubts in their favor."  *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). "'[Plaintiff's] prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.'"  *Id*. (quoting *Metro Life Ins. Co. v. Robinson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)) (internal brackets omitted).

## DISCUSSION

Palmer raises several grounds for dismissal, including lack of personal jurisdiction and challenges to the sufficiency of Plaintiff's pleadings.  (Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1–2,[3] ECF No. 9.)  Because "[j]urisdictional challenges to a court's authority over a defendant or its power to entertain the subject matter of the lawsuit at all take priority . . ., [t]hey must be

---

[3] Citations to Palmer's motion to dismiss reference page numbers supplied by ECF.

resolved by the court before moving on to any substantive dismissal motion." *Morningstar Films, LLC v. Nasso*, 554 F. Supp. 3d 525, 533 (E.D.N.Y. 2021) (citing *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.,* 288 F.3d 478, 481 (2d Cir. 2002)).

In a copyright suit where the defendant resides outside the forum state, as is the case here, the Court must "apply 'the forum state's personal jurisdiction rules[,]" which requires application of New York law. *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013) (quoting *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir.1997). New York's long-arm statute, C.P.L.R. § 302, permits a court to exercise personal jurisdiction over a non-domiciliary under certain enumerated circumstances. Plaintiff relies specifically on C.P.L.R. § 302(a)(3)(ii), which extends personal jurisdiction to a non-domiciliary in cases where:

> (1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce.

*Penguin Group (USA) Inc. v. American Buddha*, 16 N.Y.3d 295, 301 (2011). Liberally construing the pleadings in this case, as the Court must, Plaintiff has satisfied the first two elements. Specifically, Plaintiff alleges that Palmer is a non-resident of New York who uploaded her copyrighted photo without authorization, which he monetized on his YouTube channel. (Compl. ¶¶ 17, 24.) Taken together, it is reasonable to infer that Palmer allegedly infringed Plaintiff's copyright outside New York, which gave rise to Plaintiff's claim.

Whether Plaintiff has sufficiently pleaded the third element—that New York is the situs of her injury—is a closer question, however. (*See* Compl. ¶ 3.) To be sure, in *Penguin Group (USA) v. American Buddha*, the New York Court of Appeals held that, in copyright infringement cases involving the uploading of a copyrighted printed literary work onto the internet, the location of the copyright holder determines the situs of injury. *See* 16 N.Y.3d at 301 ("The

3

concurrence of [] two elements—the function and nature of the internet and the diverse ownership rights enjoyed by copyright holders situated in New York—leads us to . . . . conclude that the alleged injury in this case occurred in New York[.]"). Yet, at the same time, and as the Second Circuit has held, this does not obviate the need for the copyright holder to also allege facts demonstrating a "non-speculative and direct New York-based injury to [their] intellectual property rights." *See Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 220 (2d Cir. 2013).

On this point, the holding in *Adwar Casting Co., Ltd. v. Star Gems Inc.* is instructive. *See* 342 F. Supp. 3d 297, 304-05 (E.D.N.Y. 2018). There, the court found that the *Penguin Group* analysis did not apply to copyrighted images uploaded to the defendant's Facebook page, notwithstanding that the copyright holder was situated in New York. *Id*. The court reasoned that unlike *Penguin Group*:

> This case does not involve a literary work posted on the internet and freely downloadable by anyone with a computer. Indeed, there is nothing to support that the allegedly offending image on [the defendant's] Facebook page is downloadable. To paraphrase the [*Freeplay Music LLC v. Dave Arbogast Buick-GMS, Inc.*] court, "to hold that the posting of copyrighted material to the Internet for any purpose, such a[s] posting a copyrighted photo to Instagram or Facebook – would automatically cause an in-state injury to a New York copyright holder" is a broad result not intended by the New York Court of Appeals.

*Id.* (citing *Freeplay Music LLC v. Dave Arbogast Buick-GMS, Inc.*, No. 16-CV-442, 2017 WL 449913 (S.D.N.Y. Jan. 18, 2017)). The present case is no different. Here, Plaintiff alleges that she "has sustained and will continue to sustain [] substantial injury, loss, and damage to [her] ownership rights in the copyrighted [w]ork." (Compl. ¶ 33.) But the complaint, quite simply, identifies "no non-speculative and direct New York based injury to Plaintiff's intellectual property." *See Adwar*, 342 F. Supp. 3d at 304 (internal quotation marks omitted). Plaintiff has

4

not alleged, for example, that Palmer made Plaintiff's copyrighted image available for download by his YouTube viewers, nor does she claim that she suffered any actual or threatened business losses by way of the alleged infringement.[4] *Cf. Penguin Group*, 16 N.Y.3d at 305 (recognizing that the uploading of a published literary work to the internet would necessarily threaten book sales, to the financial detriment of the copyright holder). Rather, Plaintiff's allegations concerning Palmer amount to little more than conclusory assertions that he has caused "generalized harm . . . to [her] exclusive distribution right." *See Troma*, 729 F.3d at 220. Standing alone, "such an injury . . . is far too speculative to support a finding that [Plaintiff] suffered an injury in New York within the meaning of section 302(a)(3)(ii)." *Id.*

Furthermore, even if Plaintiff had successfully demonstrated the existence of a direct, New York-based injury, Plaintiff fails to allege that Palmer, "derives substantial revenue from interstate or international commerce." *Penguin Group*, 16 N.Y.3d at 302. On this point, the complaint alleges only that Palmer used "Plaintiff's name and likeness to promote himself for profit," and that he has a monetized YouTube channel. (Compl. ¶ 25.) Neither fact, whether taken collectively or in isolation, is sufficient to establish that Defendant Palmer derives "substantial" revenue from interstate or international commerce. Accordingly, Plaintiff has failed to make a *prima facie* showing that the Court may exercise personal jurisdiction over Defendant Palmer under C.P.L.R. § 302(a)(3)(ii).

## CONCLUSION

For the foregoing reasons, Palmer's motion to dismiss for lack of personal jurisdiction is GRANTED.

---

[4] Plaintiff alleges that she is entitled to statutory damages. (*See* Compl. ¶ 37.) However, the mere availability of this remedy does not presuppose that Plaintiff suffered a direct injury in New York. *See Troma*, 729 F.3d at 220 (holding that "statutory damages as a result of defendants' willful infringement" is "far too speculative to support a finding that [the plaintiff] suffered injury in New York").

5

SO ORDERED.

Dated: March 31, 2023  /s/ LDH
      Brooklyn, New York  L<small>A</small>SHANN D<small>E</small>ARCY HALL
                                  United States District Judge