UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TABATHA FOSTER,

                              Plaintiff,

        v.

NEAL EVAN PRICE and LARNELL PALMER,

                              Defendants.

**MEMORANDUM AND ORDER**

22-CV-2031 (LDH) (LB)

LaSHANN DeARCY HALL, United States District Judge:

Tabatha Foster ("Plaintiff"), proceeding pro se, brings the instant action against Neal Evan Price and Larnell Palmer ("Defendants"), pursuant to the Copyright Act, 17 U.S.C. § 101 et seq. Defendant Price, proceeding pro se, moves pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

**BACKGROUND**[1]

Plaintiff is a resident of Brooklyn, New York, and alleges that Price resides in Atlanta, Georgia. (Compl. ¶¶ 4, 8, ECF No. 1.) Plaintiff also alleges that she is the "Registered Copyright Holder" of various photographic images of herself, which Defendants each uploaded to their respective YouTube channels without permission. (*Id.* ¶ 7.) Defendant Price owns the YouTube Channel "Ramil Reloaded" and the Patreon account "Ramil Amyr Patreon." (*Id.* ¶ 16.)

On March 19, 2022, Price uploaded a video to YouTube titled "Who Let Me Too In The Black Manosphere." (*Id.* ¶ 21.) According to the complaint, Price's YouTube video made "derogatory sexual remarks" about Plaintiff, displayed several copyrighted images of her,

---

[1] The following facts are taken from the complaint and assumed to be true for the purposes of this memorandum and order. (ECF No. 1.)

1

including an explicit photograph of Plaintiff's buttocks, and received over 9,000 views. (*Id.*) On March 21, 2022, Plaintiff sent an email to Price, requesting that the copyrighted photos were removed. (*Id.* ¶ 22.) That same day, Price posted another video to YouTube titled "Oshay Duke Jackson Tries To Be a Pimp LMAO (Full Video Reaction) (Hoes Wanna Sue Ramil Amyr)," which included the email Plaintiff sent to Price. (*Id.*) On March 29, 2022, Plaintiff became aware that Price posted a video to his Patreon Account titled "WHO LET METOO IN THE BLACK MANOSPHERE." (*Id.* ¶ 16.) On April 4, 2022, a Defendant, who Plaintiff does not identify, uploaded a video to YouTube titled "Tough Talk TV Is Flopping and Guess Who's Mad?," which allegedly displayed copyrighted photographs of Plaintiff. (*Id.* ¶ 23.) Price advertises membership access to his Patreon account for prices ranging from $5 to $20 per month. (*Id.* ¶ 22.) Following, Plaintiff alleges that Price financially benefitted from the use of her copyrighted photos. (*Id.* ¶ 22.)

## STANDARD OF REVIEW

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 206 (2d Cir. 2003). The plaintiff "need only make a *prima facie* showing of personal jurisdiction over the defendant," and the court will "construe the pleadings and affidavits in the light most favorable to plaintiff[], resolving all doubts in their favor." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010). "'[Plaintiff's] prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.'" *Id*. (quoting *Metro Life Ins. Co. v. Robinson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)) (internal brackets omitted).

2

## DISCUSSION

Because "[j]urisdictional challenges to a court's authority over a defendant or its power to entertain the subject matter of the lawsuit at all take priority . . ., [t]hey must be resolved by the court before moving on to any substantive dismissal motion." *Morningstar Films, LLC v. Nasso*, 554 F. Supp. 3d 525, 533 (E.D.N.Y. 2021) (citing *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.,* 288 F.3d 478, 481 (2d Cir. 2002)).  On March 31, 2023, this Court issued a Memorandum and Order dismissing claims against Defendant Palmer for lack of personal jurisdiction, the same ground Defendant Price raises in the instant motion. (*See* March 31, 2023 Mem. & Order ("Palmer M&O"), ECF No. 22; Mem. Supp. Mot. Dismiss at 3–5, ECF No. 17.)  For the reasons set forth in its March 31, 2023, and detailed below, the Court grants Defendant Price's motion to dismiss for lack of personal jurisdiction.

In a copyright suit where the defendant resides outside the forum state, as is the case here, the Court must "apply 'the forum state's personal jurisdiction rules[,]" which requires application of New York law.  *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013) (quoting *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir.1997)).  New York's long-arm statute, C.P.L.R. § 302, permits a court to exercise personal jurisdiction over a non-domiciliary under certain enumerated circumstances.  Plaintiff relies specifically on C.P.L.R. § 302(a)(3)(ii), which extends personal jurisdiction to a non-domiciliary in cases where:

> (1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce.

*Penguin Grp. (USA) Inc. v. American Buddha*, 16 N.Y.3d 295, 302 (2011) (citing C.P.L.R. § 302(a)(3)(ii)).  Liberally construing the pleadings in this case, as the Court must, Plaintiff has satisfied the first two elements.  Specifically, Plaintiff alleges that Price is a non-resident of New

3

York who uploaded her copyrighted photos without authorization to his "monetized YouTube Channel" and Patreon account. (Compl. ¶¶ 21–22.) As such, it is reasonable to infer that Price allegedly infringed Plaintiff's copyright outside New York, which gave rise to Plaintiff's claim.

In this very case, this Court previously concluded that Plaintiff failed to sufficiently plead that New York is the situs of her injury as to her claims against Defendant Palmer. (Palmer M&O at 3–4.) In its March 31, 2023 Memorandum and Order, this Court examined the applicability of *Penguin Group (USA) Inc. v. American Buddha*, 16 N.Y.3d at 301 (2011), which held that in copyright infringement cases alleging a copyrighted printed literary work was uploaded to the internet, the location of the copyright holder determines the situs of the injury. At the same time, Plaintiff must allege facts demonstrating a "non-speculative and direct New York-based injury to [their] intellectual property rights." *See Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 220 (2d Cir. 2013). The facts at issue as to Defendant Price are equally as flawed as those alleged against Defendant Palmer.

Here, Plaintiff alleges that she "has sustained and will continue to sustain [] substantial injury, loss, and damage to [her] ownership rights in the copyrighted [w]ork." (Compl. ¶ 33.) But the complaint, quite simply, identifies no "non speculative and direct New York based injury to [Plaintiff's] intellectual property rights." *See Adwar Casting Co., Ltd. v. Star Gems*, 342 F. Supp. 3d 297, 304 (E.D.N.Y. 2018) (internal quotation marks omitted). Plaintiff has not alleged, for example, that Price made Plaintiff's copyrighted image available for download by his YouTube viewers, nor does she claim that she suffered any actual or threatened business losses by way of the alleged infringement.[2] *Cf. Penguin Grp.*, 16 N.Y.3d at 295 (recognizing that the

---

[2] Plaintiff alleges that she is entitled to statutory damages. (*See* Compl. ¶ 37.) However, the mere availability of this remedy does not presuppose that Plaintiff suffered a direct injury in New York. *See Troma*, 729 F.3d at 220 (holding that "statutory damages as a result of defendants' willful infringement" is "far too speculative to support a finding that [the plaintiff] suffered injury in New York").

4

uploading of a published literary work to the internet would necessarily threaten book sales, to the financial detriment of the copyright holder). Rather, Plaintiff's allegations concerning Price amount to little more than conclusory assertions that he has caused "generalized harm . . . to [her] exclusive distribution right." *See Troma*, 729 F.3d at 220. Standing alone, "such an injury . . . is far too speculative to support a finding that [Plaintiff] suffered an injury in New York within the meaning of section 302(a)(3)(ii)." *Id.*

Moreover, even if Plaintiff had successfully demonstrated the existence of a direct, New York-based injury, Plaintiff fails to allege that Price, "derives substantial revenue from interstate or international commerce." *Penguin Grp.*, 16 N.Y.3d at 302. The complaint alleges that Defendant Price has a monetized YouTube channel, through which he advertises membership access to his Patreon Account, at a price ranging from $5 to $20 per month. (Compl. ¶ 22.) Plaintiff also alleges that Defendant Price "is profiting off of Plaintiff's name and likeness." *(Id.* ¶ 23.) None of these facts, whether taken collectively or in isolation, is sufficient to establish that Defendant Palmer derives "substantial" revenue from interstate or international commerce. Accordingly, Plaintiff has failed to make a *prima facie* showing that the Court may exercise personal jurisdiction over Defendant Price under C.P.L.R. § 302(a)(3)(ii).

## CONCLUSION

For the foregoing reasons, Defendant Price's motion to dismiss for lack of personal jurisdiction is GRANTED.

SO ORDERED.

Dated: February 22, 2024  /s/ LDH
      Brooklyn, New York  LaSHANN DeARCY HALL
                                  United States District Judge